Mr. Justice Peay
delivered the opinion of the court.
The material facts in this case are the following:
The appellants, in the year 1828, executed a bond with certain persons as sureties, to the appellee, of which the following is a copy.
“Know all men by-these presents,-that we, James Lamkin, Joseph Hough, James Stewart, Belfield Wren, and Charles S. Sponn, are held and firmly bound unto Jesse Perkins, in the penal sum of ten thousand dollars, to be paid to the said Jesse Perkins, his executors and assigns; for which payment well and truly to be made, we bind ourselves, our and each of our executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals, and dated this eleventh day of March, one thousand eight hundred and thirty-eight.
“ The condition of the above obligation is such, that,"whereas, the said Jesse Perkins has sold and delivered to the above bounden James Lamkin, his entire interest in the stock of merchandise *725 belonging to the firm of Perkins & Lamkin, of Vicksburg, and ah claims, debts, and demands due said firm of every description whatever; and, whereas, the said Lamkin has agreed to pay all debts due from said firm.
“ Now if the said James Lamkin, his executors or administrators, do and shall well and truly pay all the debts due and owing by the said firm of Perkins and Lamkin, or which may hereafter become due from said firm, and shall in all respects, well and truly indemnify and save harmless the said Jesse Perkins, from the payment of all and every of the debts due or to become due from the said firm of Perkins and Lamkin, by any means whatever, then the above obligation to be void, otherwise to remain in full force and effect.”
. Upon this obligation on the 26th day of March, 1832, Jesse Perkins commenced an action of debt in the circuit court of the county of Warren, against Hough, Lamkin, Spoon, and. Stewart, and in pursuance of the statute, assigned various breaches of the condition of the bond here set forth.
The first breach is assigned in general terms, alleging that Lamkin had failed to pay all the debts due or to become due from the firm of Perkins & Lamkin, and had not indemnified and saved the said Jesse Perkins harmless from the payment of said debts.
The second and thiid assignment of breaches set forth, with some slight difference of phraseology, that.at the date of the bond declared on, the firm of Perkins & Lamkin was indebted to the firm of A. Fisk & Co., in a large sum, upon contracts before that time made and entered into, and that Lamkin had failed and neglected to pay off and discharge said debt.
The fourth assignment recites the existence 'of the same debt, the failure of Lamkin and his sureties to pay it, and avers that on the 14th of May, 1832, the plaintiff, Jesse Perkins, paid off and fully discharged said debt.
The fifth assignment, after setting out the said debt, alleges that A. Fisk & Co. instituted suit thereon, hr the circuit court of Warren comity, against James Lamkin alone, and in 1830, recovered a judgment against him, for 7703 dollars and 80 cents; *726 ■which judgment Lamkin and his sureties has failed to pay, and on the 14th of March, 1832, the plaintiff, Jesse Perkins, had paid the same, amounting with interest and costs, to 8560 dollars.
The sixth assignment negatives in general terms the words of the condition, by alleging that Lamkin had not indemnified and saved harmless the said Jesse Perkins, from the payment of all and every the debts due or to become due from the firm of Perkins & Lamkin, at the date of said bond, but had permitted him to sustain great damage, in consequence of a suit brought against him in the circuit court of Adams county, by A. Fisk & Co., on account of a debt due them from Perkins & Lamkin.
Demurrers were filed to the assignment of breaches, as herein recited, and were overruled, and the defendants, upon affidavit of merits, were allowed to plead to the action.
They first filed the plea of non damnificatus, to which the plaintiff demurred-; the demurrer was sustained by the court.
This-decisión of-ihe court is assigned for error.
We regard the bond Sued on as a bond of indemnity only; and consequefiíiy ^wTlpern the .plea as here filed a good one. If there be any-damage the plaintiff-must reply it. The rule is general, that the jolSa df-non damnificatus is proper in all cases of conditions to 'indemnify and sáve harmless.
The decision of the court below in sustaining this demurrer fiiust, therefore, be reversed, the demurrer overruled and judgment rendered for the defendant with costs.
Judge Wíught concurred.
Judge Sharkbt, having been concerned as counsel below, gave no opinion.